# IN THE COURT OF APPEALS OF IOWA

No. 17-1890
Filed February 21, 2018

**IN THE INTEREST OF D.H., D.H., AND M.V.,**
**Minor Children,**

**M.V., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Romonda D. Belcher, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

Alexandra M. Nelissen of Taylor Law Offices, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Cole J. Mayer of Mayer Law, P.L.L.C., Des Moines, guardian ad litem for D.H.

Sharon M. Wegner of Graham, Ervanian & Cacciatore, L.L.P., Des Moines, guardian ad litem for D.H.

Nancy L. Pietz of Pietz Law Office, Des Moines, guardian ad litem for M.V.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find the mother has waived her claim the State did not engage in reasonable efforts to reunite her with her children. There is sufficient evidence in the record to support the termination of the mother's parental rights and termination is in the children's best interests. We affirm the decision of the juvenile court.

## I.    Background Facts & Proceedings

M.V. is the mother of M.V., born in 2001, Do.H., born in 2005, and De.H., born in 2006. The family lived with Da.H., who was the father of the two younger children. Da.H. sexually abused De.H. over a period of many years.[1] De.H. informed her mother of the abuse, but the mother said the father had an illness and the child should "let it go." Although the mother was aware of the sexual abuse, she did not do anything to prevent it. Eventually the Iowa Department of Human Services (DHS) became aware of the situation and the children were removed from the parents' care on February 25, 2016, and placed in foster care.

The children were adjudicated to be in need of assistance pursuant to Iowa Code section 232.2(6)(b), (c)(2), (d), and (n) (2016). The mother pled guilty to neglect of a dependent person and child endangerment. A no-contact order was entered prohibiting her from having contact with the children. This was later modified to permit her to send letters to the children, which were to be read in the presence of a therapist. The mother began attending individual therapy. She "continued . . . to explore her responsibility in the removal of her children." She

---

[1] The father was convicted of two counts of sexual abuse in the third degree and sentenced to twenty years in prison. He consented to termination of his parental rights.

has not yet fully accepted her role in the abuse which led to the removal of the children and her criminal convictions.

The children's guardians ad litem filed petitions seeking to terminate the mother's parental rights. After a hearing, the juvenile court terminated the mother's parental rights under section 232.116(1)(d), (e), (f), (i), and (m) (2017). The court found termination of the mother's parental rights was in the children's best interests, stating the mother "continues to demonstrate an inability to meet the children's needs or make their needs and safety a priority." The mother now appeals the decision of the juvenile court.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Reasonable Efforts

The mother raises reasonable efforts within several of her claims on appeal. The State has the obligation to make reasonable efforts toward reunification of a family prior to the termination of parental rights. *In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017). However, "parents have a responsibility to object

when they claim the nature or extent of services is inadequate." *Id.* at 839-40. Furthermore, "if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding." *Id.* at 840. The mother did not challenge the services provided to her prior to the termination hearing and we find she has waived this issue on appeal.

### IV.    Sufficiency of the Evidence

The mother claims the State did not present clear and convincing evidence to support termination of her parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). We will focus on section 232.116(1)(f).

The mother does not dispute the first three elements of section 232.116(1)(f), but claims the State failed to adequately show the children could not be safely returned to her care. She points out she is no longer associating with the father and states she should not bear the burden of his criminal acts. The mother states she has made progress in individual therapy and believes the children could be returned to her care.

We find there is clear and convincing evidence in the record to show the children could not be safely returned to the mother's care. Over the years De.H. was being sexually abused by her father, the mother was aware of the abuse and did absolutely nothing to protect the child. The mother is not required to bear the burden of the father's criminal acts, but to take responsibility for her own conduct

in failing to take prompt steps to address the situation. Although the mother has been participating in individual therapy, she has not fully accepted responsibility for her role in the matter, and thus, would not be able to provide a safe environment for the children. We conclude the juvenile court properly terminated the mother's parental rights under section 232.116(1)(f).

## V.     Best Interests

The mother claims termination of her parental rights is not in the children's best interests. In considering a child's best interests, we give consideration "to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We find the children's best interests are served by termination of the mother's rights. We agree with the juvenile court's assessment, the mother "continues to demonstrate an inability to meet the children's needs or make their needs and safety a priority."

We affirm the termination of the mother's parental rights.

**AFFIRMED.**